IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA S.,<br><br>    Claimant,<br><br>  v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>    Respondent. | No. 21 C 4391<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Pamela S.[1] ("Claimant") appeals the final decision of Respondent Martin O'Malley,[2] Commissioner of the Social Security Administration ("Commissioner"), denying her applications for disability insurance benefits and supplemental security income. For the reasons set forth below, Claimant's Brief in Support of Motion for Summary Judgment [ECF No. 14] is granted. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## BACKGROUND

On October 31, 2018, Claimant filed an application for disability insurance benefits and an application for supplemental security income the following day. (R.19). Both applications alleged a disability beginning May 11, 2018. (R.19). The claims were denied initially and on reconsideration. After a hearing, Administrative Law Judge Jessica Inouye issued a decision on January 22, 2021, denying Claimant's applications and finding her not disabled. (R.19-36). The Appeals Council declined review (R.1-6), leaving the ALJ's decision as the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g); *see* V*illano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## DISCUSSION

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for

determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which disability is claimed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

In this case at step one, the ALJ found Claimant had engaged in substantial gainful activity during the period of September 16, 2019, to March 25, 2020, but also found that there has been a continuous 12-month period during which Clamant did not engage in substantial gainful activity. (R.22). The ALJ's findings addressed the period during which Claimant did not engage in substantial gainful activity. (R.22). At step two, the ALJ found Claimant has the following severe impairments: degenerative joint disease of the left knee, status post arthroscopies and rheumatoid arthritis/connective tissue disease. (R.18). At step three, the ALJ found Claimant does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R.25). The ALJ then found Claimant has the RFC to perform sedentary work except: "No climbing of ladders, ropes, or scaffolds. Occasionally climb ramps and stairs, and balance, stoop, kneel, crouch, and crawl. Avoid work around hazards, including unprotected heights and moving dangerous machinery. Work in an indoor, temperature-controlled environment and avoid

3

extremes of temperatures and pulmonary irritants within it. Frequent use the hands for gross and fine manipulations, including handling, fingering, and feeling." (R.26). At step four, the ALJ found Claimant can perform her past relevant work, and thus she is not disabled. (R.35).

Claimant asserts two arguments challenging the ALJ's decision: (1) the ALJ's RFC assessment is not supported by substantial evidence; and (2) the ALJ's decision violates SSR 16-3p.[3] The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). When making a proper RFC determination, the ALJ must consider all relevant evidence in the record, including limitations that are mild and/or not severe, and may not dismiss a line of contrary evidence. *See Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015). Further, the ALJ is prohibited from basing the decision on her own lay opinion of the significance of the medical data. *See Engstrand v. Colvin*, 788 F.3d 655, 660-61 (7th Cir. 2015).

With respect to Claimant's mental impairments, the ALJ found Claimant had mild limitations in all areas of the "paragraph B" criteria. (R.24-25). The ALJ further stated that "[t]he record supports the probability that she may have mildly limited

---

[3] In her opening brief, Claimant also argued the ALJ's decision is constitutionally defective but then conceded that argument in her reply brief. Reply Brief [ECF No. 24], at 14.

mental symptoms and moderately limited physical symptoms on a longitudinal basis despite treatment." (R.26). The ALJ did not, however, include any accommodations for Claimant's mild mental limitations in the RFC determination and, more critically, did not explain why there was no need to account for them in her explanation of the RFC.

The Court recognizes that a mild, or even a moderate, limitation in an area of mental functioning may not prevent an individual from working on a full-time basis. Courts have held, however, that "the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC." *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (emphasis in original) (internal citation omitted); *see also Susana C. v. Kijakazi*, 2022 WL 4535201, at *7 (N.D. Ill. Sept. 28, 2022) ("To be sure, an ALJ is not required to account for a mild limitation in a single area of mental functioning with a non-exertional limitation, but it takes no great leap of logic to conclude that the more areas affected, the more likely such a limitation might be warranted. Even if the ALJ determines otherwise, she must explain why."). Presumably, the ALJ believed Claimant's mild mental limitations did not need to be accommodated because the ALJ did not include any such accommodations in the RFC. The Court, however, will not speculate why the ALJ came to that conclusion, and the ALJ's failure to explain why that is so requires remand.

Claimant also complains that the ALJ rejected all the medical opinions and improperly relied on her own lay opinions when crafting Claimant's RFC. The Court agrees with the Commissioner's assertion that an ALJ is not required to fully adopt

or solely rely on medical opinions in making the RFC determination. *See, e.g., Retzloff v. Colvin*, 673 F. App'x 561, 568 (7th Cir. 2016) ("An ALJ has 'final responsibility' for determining a claimant's RFC and need not adopt any one doctor's opinion."), citing *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007); *Sheila D.H. v. Saul*, 2019 WL 3943642, at *3 (N.D. Ill. Aug. 21, 2019) (explaining that the ALJ only gave only some weight to the opinions of the state agency consultants but combined those opinions with other evidence in the record to fashion a more lenient RFC than the state agency consultants recommended). The Court, however, also agrees with Claimant's contention that some of the ALJ's findings are not tied to any medical evidence in the record but rather seem to be based on the ALJ's own assessment of what Claimant is cable of doing.

It seems that the ALJ attempted to strike some middle ground when evaluating and weighing the medical opinions in conjunction with Claimant's subjective complaints. The ALJ rejected the opinions of Claimant's treating physicians and found them too extreme and restrictive (R.33-34), but the ALJ also did not fully accept the opinions of the state agency physicians and found that Claimant was more limited in her abilities (R.33). No doctor, however, opined on the limits in the ALJ's RFC determination, and it is not clear based on the evidence in the record if those limits are sufficient to account for Claimant's impairments. Specifically, the ALJ stated:

> The undersigned was partly persuaded by the administrative medical findings from the DDS medical and psychological consultants who are reviewing programmatic experts as indicated above (Exhibits 1A and 3A). These opinions are still relatively consistent with the many,

6

> generally normal examinations in the record, as outlined in this decision. However, again, the claimant's subjective reports have been given the fullest benefit possible, within the parameters of the objective medical evidence of record. Therefore, overall, the DDS findings are partly persuasive, especially considering the inconsistent opinions from the claimant's treatment providers outlined below.

(R.33). Once the ALJ rejected portions of the state agency opinions and found that Claimant had greater limitations than the consultants found were supported, the ALJ created an "evidentiary deficit" that she was not permitted to fill with her own lay opinion. *See Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) (holding that the ALJ erred in "play[ing] doctor" to fill evidentiary gaps in the record and, "it was the ALJ's responsibility to recognize the need for further medical evaluations of [the claiamant's] conditions before making her residual functional capacity and disability determinations"); *see also Myles*, 582 F.3d at 677 ("Common sense can mislead; lay intuitions about medical phenomena are often wrong."). The ALJ appears to craft specific RFC limitations concerning Claimant's ability to sustain sitting, standing, walking, and hand use based on her own lay assessment of what Claimant can do without tying it to specific record evidence.

While the RFC may sufficiently accommodate Claimant's limitations, the ALJ failed to explain how the medical evidence supported the limitations. When attempting to explain her decision, the ALJ stated:

> In sum, the undersigned has given the claimant the benefit of the doubt as to the severity of impairments even if her subjective reports of disabling symptoms are grossly inconsistent with the majority of examinations in the record. In view of all of the foregoing, the undersigned does not find the claimant's testimony regarding the severity or frequency of her symptoms to be fully consistent with the medical and opinion evidence or supportive of greater restrictions than

7

> those included in the residual functional capacity assessment, which is supported by the record as a whole.

(R.35). This is confusing and unsupported. It is not clear what the ALJ means when she says she gave Claimant the benefit of some doubt as to the severity of her impairments but then found that her subjective reports of disabling symptoms were not consistent with the medical evidence and did not support grater restrictions. But, at the same time, the ALJ included more restrictions than those opined by the state agency doctors based on some of Claimant's subjective complaints. In the Court's view, the ALJ analysis is internally inconsistent. It is not clear what impairments and symptoms the ALJ credited with the benefit of the doubt, which ones were not credited, and which are supported by the record as a whole and more importantly how and why. Therefore, the Court finds that remand is required for further clarification and explanation.

Claimant also challenges the ALJ's analysis of her subjective symptom allegations. As to Claimant's subjective complaints, the ALJ stated:

> Thus, as for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, the undersigned finds they are inconsistent. The claimant has made some reports of severe pain, fatigue, and other symptoms listed in this decision, and she has undergone consistent and thus significant treatment, but this fact is outweighed by the lack of supportive objective findings to show disabling functional limitations.

(R.31). The law is clear, however that an ALJ may not discredit a claimant's testimony about her symptoms "solely because there is no objective medical evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (citing 20 C.F.R. § 404.1529(c)(2)); *see also Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006) ("The

8

administrative law judge cannot disbelieve [the claimant's] testimony solely because it seems in excess of the 'objective' medical testimony."). Even if a claimant's symptoms are not supported *directly* by the medical evidence, the ALJ may not ignore *circumstantial* evidence, medical or lay, which does support a claimant's credibility. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003).

In the Court's view, the ALJ improperly rested her analysis of Claimant's subjective symptoms too heavily on the absence of objective evidence. While it is true, as the ALJ points out, there are some normal examinations in the record, those findings do not completely negate the fact that Claimant suffered pain and fatigue stemming from her lupus and rheumatoid arthritis. In addition, the ALJ did not discuss Claimant's daily activities in the context of the pain and fatigue she was experiencing and how it limited her abilities. Rather, the ALJ appears to have ignored or at least given very short shrift to the numerous limitations Claimant described in her daily activities. The Court finds that the ALJ must do more to explain why she discounted Claimant's reports of pain and fatigue on this record, and she must address Claimant's testimony about her activities of daily living and how she contends she is so limited. Without that logical bridge between the evidence and the ALJ's conclusions, the Court cannot assess the validity of the ALJ's analysis, and remand is required.[4]

---

[4] The Court notes for the record that the Commissioner filed a Notice of Supplemental Authority [ECF No. 28], citing a recent Seventh Circuit decision that addressed the level of detail and discussion an ALJ is required to include in a decision. *Warnell v. O'Malley*, 97 F.4th 1050 (7th Cir. 2024). This Court has read the recent decision, and it does not change the Court's analysis of this case.

9

## CONCLUSION

For the reasons set forth above, Claimant's Brief in Support of Motion for Summary Judgment [ECF No. 14] is granted. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 29, 2024